UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANATOLIY STRIZHEUS,

      Petitioner,

  v.

STEPHEN SINCLAIR,

      Respondent.

Case No. C12-1644-RSM

**ORDER OF DISMISSAL**

  The Court, having reviewed petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus, the Report and Recommendation ("R&R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge, the petitioner's objections and the responses thereto, and the remaining record, hereby ADOPTS the R&R with the following additional discussion.

  Petitioner raises three objections to the R&R: (1) that the Magistrate Judge misinterpreted his third claim wherein he sought to challenge the Washington State Appellate Court's adoption of a per se rule that a confession alone is insufficient to establish a nexus between an "other suspect" and the crime; (2) that petitioner's Sixth and Fourteenth Amendment rights were violated when the state courts unreasonably refused to admit "other suspect" evidence; and (3) that a Certificate of Appealability should issue in this case. Dkt. # 28. As noted above, the Court adopts the R&R, but writes separately to further address petitioner's first objection.

ORDER OF DISMISSAL- 1

Petitioner contends that the state court of appeals held, as a matter of law, that a confession alone is insufficient to implicate an other suspect in direct contradiction to binding Supreme Court precedent established in *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973). Petitioner contends, the "new evidentiary rule" articulated by the state appellate court foreclosed petitioner's opportunity to question and cross-examine the other suspect about his confession, which was contrary to and an unreasonable application of federal law.

The state appellate court held that the other suspect evidence relied upon by petitioner, which consisted of an exculpatory statement made by petitioner's son while admittedly intoxicated and later repeatedly recanted, failed to demonstrate a sufficient nexus between the other suspect and the crime. *See State v. Strizheus*, 262 P.3d 100, 106-107 (Wash. Ct. App. 2011) (discussing the nexus requirement and holding that "there was no evidence establishing a nexus between [the other suspect] and the crime"). The appellate court concluded that the trial court did not err in excluding the evidence because

> There was no physical evidence connecting [the other suspect] to the crime. No eyewitness placed [the other suspect] at the scene of the crime. Despite many opportunities to do so, [the victim] never identified [the other suspect] as her attacker. No witness presented direct evidence substantially contravening the State's version of events. There was no evidence of any step taken by [the other suspect] that indicated an "intention to act" on his alleged motive.

*Id.* The appellate court's decision is not inconsistent with *Chambers*, because in *Chambers* the evidence "rejected by the trial court . . . bore persuasive assurances of trustworthiness . . . ." 410 U.S. at 302. That is not the case here. Both the trial court and appellate court reviewed the proffered other suspect evidence and deemed it insufficient to connect the other suspect to the crime. Accordingly, the trial court's exclusion of other suspect evidence was not contrary to or an unreasonable application of clearly established federal law.

The Court therefore finds and ORDERS as follows:

ORDER OF DISMISSAL- 2

1. The Report and Recommendation is **ADOPTED;**

2. Petitioner's § 2254 habeas petition is **DENIED** and this matter is **DISMISSED** with prejudice;

3. Petitioner is **DENIED** issuance of a certificate of appealability; and

4. The Clerk shall send a copy of this Order to the parties and to Judge Tsuchida.

DATED this 26th day of June 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL- 3